**In the Matter of George E. VICKERY, III.**

**No. 1083S359.**

Supreme Court of Indiana.

Oct. 2, 1984.

Arnold P. Baratz, Indianapolis, for respondent.

Sheldon A. Breskow, Executive Secretary, Gregory M. Fudge, Staff Atty., Indianapolis, for the Ind. Supreme Court Disciplinary Com'n.

PER CURIAM.

The Indiana Supreme Court Disciplinary Commission has filed a two-count verified complaint charging the Respondent, George E. Vickery, III, with misconduct under the *Code of Professional Responsibility for Attorneys at Law*. Pursuant to Ind.R.A.D. 23, Section 11(d), the parties have entered into and tendered for this Court's consideration a Statement of Circumstances and Conditional Agreement for Discipline. The Respondent has also submitted his affidavit pursuant to Admission and Discipline Rule 23, Section 17(a).

Upon examination of the matters submitted herein, this Court finds that the tendered agreement should be approved. In accordance therewith, we find that George E. Vickery, III, is a member of the Bar of this State, but is not actively engaged in the practice of law.

We find further that, commencing in late 1981 and for approximately five months thereafter, the Respondent willfully intercepted the telephone conversations of individuals, both employees and non-employees, who used the business and public telephones located on the premises of Respondent's business, "Bud's Service", in Indianapolis, Indiana. The Respondent did this by hooking into the existing telephone company cable which ran through his office. He tape recorded these intercepted communications, utilizing automatically activated recording devices located in his office. During this period, the Respondent used, in the conduct of his business, the contents of the intercepted communications.

Under the second count, we find that on May 6, 1982, the Respondent rented a motel room where he hid certain cassette tapes which were the subject of a search warrant authorized by the United States District Court for the Southern District of Indiana. At about 6:00 P.M. on May 6,

1982, the Respondent refused to release the tapes to the F.B.I. agents who had come to the motel room to procure the tapes. On May 7, 1982, a second search warrant was authorized to secure said tapes. On February 15, 1983, the Respondent was charged by information in the United States District Court for the Southern District of Indiana with the offense of obstruction of a court order, in violation of 18 U.S.C. Section 1509. He pled guilty to the charge and was sentenced to pay a fine of $500. In light of the foregoing findings and in accordance with the agreement of the parties, we conclude that the Respondent engaged in misconduct.

Respondent's actions, as set out above, have not only frustrated the proper administration of justice, they have infringed upon the privacy of unsuspecting people. An attorney must be aware of the importance of vigilantly guarding against such intrusions. The Respondent's disregard of the privacy rights of the others and his disregard of the authority vested in the Courts is inconsistent with his duty as an attorney and reflects adversely on his fitness to practice law. By virtue of the misconduct found herein and in accordance with the parties' agreement, we find that the agreed discipline, a six-month period of suspension, is appropriate under the circumstances of this case.

It is, therefore, ordered that the Respondent, George E. Vickery, III, be suspended from the practice of law in the State of Indiana for a period of six (6) months beginning November 1, 1984, with an automatic reinstatement upon expiration of said six-month period.

Costs of this proceeding are assessed against the Respondent.