### In the Matter of George E. VICKERY, III.

No. 49S00–9110–DI–848.

Supreme Court of Indiana.

Jan. 7, 1993.

DISCIPLINARY ACTION

PER CURIAM.

This case is before us on a single count complaint for disciplinary action alleging that the Respondent, George E. Vickery, III, violated Rules 8.4(b) and 8.4(c) of the *Rules of Professional Conduct for Attorneys at Law.* The Hearing Officer appointed to hear this case tendered his findings of fact and conclusions of law, and the case is now before this Court for final determination. The Respondent received notice but failed to appear or to challenge the hearing officer's report on findings and conclusions. When the findings are unchallenged, as in this case, this Court accepts the same with the understanding that the ultimate decision rests with this Court.

Accepting these unchallenged findings, we find that the Respondent is a member of the Bar of this state and is subject to this Court's disciplinary jurisdiction. The Respondent was a partner in Bud's Service Station, an Indiana general partnership, located at 1201 Kentucky Avenue in Indianapolis, Indiana. From about December of 1988 through and including February of 1989, Respondent falsified accounting records at Bud's Service Station pertaining to Number Two diesel fuel. During December of 1988, January of 1989 and February of 1989, the Respondent misappropriated $12,500 from the partnership without the consent of the other partners at Bud's Service Station. The Respondent admitted the falsification of the records and his theft of funds in two separate writings dated April 11, 1989. Also, during a hearing on a request for preliminary injunction in the Marion County Superior Court, Civil Division, Room Seven, the Respondent admitted, under oath, that he "stole" the money.

These findings conclusively establish that the Respondent committed criminal acts, namely theft and deception, which reflect adversely on his honesty and trustworthiness. Such conduct violates Rule 8.4(b) of the *Rules of Professional Conduct.* Additionally, such conduct involves dishonesty, fraud and deceit and violates Rule 8.4(c) of the *Rules.*

In assessing an appropriate sanction for the misconduct set out above, this Court examines the nature of the violation, the specific acts of the Respondent, this Court's responsibility to preserve the integrity of the Bar, and the risk to which the public will be subjected if the Respondent is permitted to continue in the profession. *In re Gemmer* (1991), Ind., 566 N.E.2d 528. We note that this disciplinary action is not Respondent's first brush with this process and that he was suspended previously for a period of six months. *In re Vickery, III* (1984), Ind., 468 N.E.2d 849. In this case, Respondent's flagrant acts of theft and deception leave little doubt as to his lack of moral fitness to be an attorney entrusted with the interests of others. This Court would be remiss in its responsibilities were it to allow this Respondent to continue in the practice of law. Accordingly, we find that this conduct warrants the strongest sanction available. It is, therefore, ordered that the Respondent, George E. Vickery, III, is hereby disbarred.

Costs of this proceeding are assessed against the Respondent.