Jean POULARD, Appellant–Plaintiff,

v.

Lyal LAUTH, Patricia Lauth, and Paul Parenteau, Appellees–Cross Appellants–Defendants,

and

The News–Dispatch Publishing Co., Inc.; Geoffrey Moser; Dave Hawk; and Erin Carey, Appellees–Defendants.

No. 46A03–0209–CV–297.

Court of Appeals of Indiana.

Aug. 20, 2003.

John C. Hamilton, The Hamilton Law Firm, South Bend, IN, Attorney for Appellant.

Daniel P. Byron, Jennifer F. Perry, Bingham McHale, LLP, Indianapolis, IN, Attorneys for The News–Dispatch Publishing Co., Inc., Geoffrey Moser, Dave Hawk and Erin Carey.

Helen W. Mehok, Law Office of Helen W. Mehok, Chicago, IL, Attorneys for Lyal Lauth, Patricia Lauth and Paul Parenteau.

Eric P. Mathisen, Hoeppner Wager & Evans LLP, Valparaiso, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Jean Poulard brought an action for libel, slander, and defamation of character against Lyal Lauth and other individuals (collectively, "Lauth") and the publisher of the Michigan City News–Dispatch ("the newspaper"). The trial court granted summary judgment for all the defendants but denied Lauth's petition for attorney's fees.

Poulard raises three issues on appeal. However, we find all three waived for Poulard's failure to raise them at any point prior to his response to the attorney's fees petitions the defendants brought after entry of summary judgment in their favor.

Lauth raises three issues on cross-appeal, which we consolidate and restate as:

1. Whether the trial court improperly denied Lauth attorney's fees because the fees and costs were paid by a non-party insurer; and

2. Whether the trial court improperly sanctioned Lauth for a discovery violation without conducting a hearing and without

giving Lauth an opportunity to comply with the order compelling discovery.

We affirm in part, reverse in part, and remand.[1]

## FACTS

Poulard, acting *pro se*, brought an action against the newspaper and Lauth seeking damages for slander, libel, and defamation of character. The action against the newspaper arose out of its coverage of the Michigan Shores Town Council, of which Poulard was president. The action against Lauth appears to be based primarily on statements Lauth made to the newspaper.

All defendants moved for summary judgment pursuant to Ind.Code § 34–7–7–5 (the "anti-SLAPP" statute)[2] and their motions were granted on May 22, 2001.[3] In its judgment, the trial court noted that defendants who prevail on an anti-SLAPP motion to dismiss are entitled to attorney's fees and costs, and it stated that "All issues pertaining to the recovery of attorney fees by the respective defendants is [sic] hereby reserved for ruling" subject to the defendants' request for a hearing on the fees, their filing of affidavits in support, and notice to Poulard. (Appellant–Cross Appellee–Plaintiff's App. at 464) (hereinafter "Poulard App.").

The newspaper filed a motion for attorney's fees on June 14, 2001 and Poulard, still *pro se*, filed a notice of appeal on June 19, 2001. The trial court set the attorney's fees motion for a hearing on August 20, 2001. On August 15, 2001, counsel for Poulard appeared for the first time and filed Poulard's objection and response to the newspaper's motion. Poulard argued for the first time in that response that the anti-SLAPP statute "was not intended to immunize the media from suits for defamation," (Poulard App. at 502), and that if it does apply to Poulard, it is unconstitutional.

The trial court conducted the scheduled hearing on August 20, 2001, and on August 28, 2001, entered an order setting a deadline for Lauth to file a motion for attorney's fees. Lauth did so on September 14, 2001. In its August 28 order the trial court also noted that its entry of judgment for Lauth and the newspaper on May 22 was not "final" for purposes of appeal because the attorney's fees issues had not yet been decided.

After discovery and hearings, the trial court entered a judgment on August 6, 2002, awarding attorney's fees for the newspaper and denying Lauth's application. Poulard and Lauth appealed on September 5, 2002.

---

1. Lauth petitioned for oral argument. We deny the petition.

2. SLAPP is an acronym for "strategic lawsuit against public participation." *Ketchum v. Moses*, 24 Cal.4th 1122, 104 Cal.Rptr.2d 377, 17 P.3d 735, 737 (2001), reh'g denied. The "anti-SLAPP" statutes, of which Indiana's is typical, are intended to reduce the number of lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The statute protects, inter alia, direct petitioning of the government and petition-related statements and writings, whether or not the statement is made in connection with a public issue. Id. The special motion to strike provided for by the Indiana statute—the so-called "anti-SLAPP" motion—is subject to statutory fee shifting as follows: "A prevailing defendant on a motion to dismiss made under this chapter is entitled to recover reasonable attorney's fees and costs." Ind.Code § 34–7–7–7. The statute provides that such a motion to dismiss is to be handled by the trial court as a summary judgment motion. Id. § 34–7–7–9.

3. Poulard does not argue on appeal that the summary judgments were erroneous. Rather, he challenges in his brief only the award of attorney's fees to the newspaper and argues in his reply brief that the trial court correctly denied Lauth's motion for attorney's fees.

## DISCUSSION AND DECISION

### *Waiver*

A summary judgment is a decision on the merits. *Foshee v. Shoney's, Inc.*, 637 N.E.2d 1277, 1280 (Ind.1994). Issues not raised before the trial court on a summary judgment motion cannot be argued for the first time on appeal and are waived. *Heeb v. Smith*, 613 N.E.2d 416, 423 (Ind.Ct.App.1993). More specifically, matters not designated as genuine issues of material fact cannot be relied upon on appeal. *Id.*

Poulard does not contest the judgment on the merits:

> On this appeal Jean Poulard contends only that the [newspaper], having obtained summary judgment as to his claims of defamation against them, are not entitled to an award of attorneys fees and costs under [the anti-SLAPP statute]. Although, in the court's decision on the merits it limited its decision to the [newspaper's] anti-SLAPP defense, nevertheless, that decision was imbued with newspaper defamation law.... Poulard will not contest the trial court's ruling on the merits of his complaint[.]

(Appellant–Cross Appellee–Plaintiff's Br. at 9) (hereinafter "Poulard Br.").

Poulard phrases the issues on appeal in terms of the impropriety of an award of attorney's fees under the anti-SLAPP statute on the grounds the statute does not apply to this action and if it does, it is unconstitutional. However, those issues whether the statute applies and whether it is constitutional were or could have been resolved in the litigation on the merits of Poulard's claim and were therefore settled by the entry of summary judgment against Poulard. Because the issues Poulard raises on appeal were not raised in his responses to the newspaper's and Lauth's summary judgment motions,[4] they are waived.

Ind.Code § 34–7–7–7 provides that "A *prevailing defendant* on a motion to dismiss *made under this chapter* is entitled to recover reasonable attorney's fees and costs." (Emphasis supplied). It is apparent from the language of that section that the trial court cannot reach the attorney's fees question until after all actual or potential issues regarding the applicability of the statute have been resolved and a "prevailing defendant" has been determined. The trial court explicitly found in its judgment granting the newspaper's motion for attorney's fees and denying Lauth's that Poulard waived those arguments because he did not raise them prior to the August 20, 2001 hearing on the newspaper's motion for attorney's fees.[5]

4. Both defendants' motions to dismiss were explicitly brought pursuant to the anti-SLAPP statute. Poulard argued in response to the motions that the newspaper and Lauth were not entitled to summary judgment because there was an issue as to whether they acted in good faith, because their affidavits were inadequate, and because they failed to respond to Poulard's interrogatories. He did not argue that the statute did not apply or was unconstitutional. In a sur-reply, Poulard mentions the anti-SLAPP statute, but asserts only that the statute "does not overturn 200 years of defamation law," (Poulard App. at 360), and that the defendants are "waiving [sic] the

Anti–SLAPP statute as both a sword and a shield." (*Id.* at 361.) Poulard does not explain the apparent inconsistency between his statement that he is not contesting the trial court's "ruling on the merits of his complaint," which ruling was premised on application of the anti-SLAPP statute, and his argument on appeal that the anti-SLAPP statute does not apply.

5. We acknowledge that the trial court stated in its August 28 order that its entry of judgment for Lauth and the newspaper on May 22 was not "final" for purposes of appeal because the attorney's fees issues were not yet

We agree, and accordingly decline to address on appeal the constitutionality of the application of the anti-SLAPP statute to Poulard or the question whether a media defendant may be protected by the statute.

### Attorney's Fees

■ Both Lauth and the newspaper petitioned for attorney's fees and costs pursuant to the statute providing for anti-SLAPP motions to dismiss. The newspaper's motion was granted but Lauth's was denied. The trial court noted that Lauth did not pay any fees incurred for the services of Lauth's attorney. The fees were paid by an insurer, Lauth did not pay the premiums for the insurance, and the insurer did not attempt to intervene and recover fees from Poulard. The trial court therefore denied Lauth's petition on the ground Lauth "expended nothing for their representation; they have no expenditures to 'recover.'" (Poulard App. at 764.) Lauth asserts on cross-appeal the denial was error.

A trial court's decision to grant or to deny attorney's fees will not be disturbed absent an abuse of discretion. *Dunson v. Dunson*, 769 N.E.2d 1120, 1127 (Ind.2002). The trial court's denial of Lauth's motion was an abuse of discretion because the purpose of the statutory attorney's fees provision is to place the financial burden of defending against so-called SLAPP actions on the party abusing the judicial system by bringing a SLAPP lawsuit. That statutory purpose was disserved by the denial of Lauth's motion for attorney's fees.

We note initially that we have, in a number of decisions addressing various statutory provisions for the award of attorney's fees, upheld the award of fees even though the party seeking the fees was not

obliged to pay for its legal representation. In *Beeson v. Christian*, 594 N.E.2d 441 (Ind.1992), our supreme court addressed Ind.Code § 31–1–11.5–16, which allowed the trial court to order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding in connection with a marriage dissolution, including the award of reasonable appellate attorney fees. The court noted the statute permitting the award of attorney fees serves to insure equal access to the courts despite the relative financial conditions of the parties. "That public policy would be undermined if we were to hold that a party must be personally obligated to pay attorney fees before the trial court could order the other party to pay those fees." *Id.* at 443. The court determined it was not an abuse of discretion for the trial court to order Beeson to pay Christian's appellate attorney fees, even though Christian was not legally obligated to pay those fees. *Id.*

In *Harco, Inc. of Indianapolis v. Plainfield Interstate Family Dining Assocs.*, 758 N.E.2d 931, 944 (Ind.Ct.App.2001), we determined "the trial court is not constrained to award attorney fees only when those fees have been directly billed to and paid by a party. Rather, the relevant inquiry is whether a party has *incurred* attorney fees." (Citation omitted, emphasis in original.)

There, the attorney's fees were awarded under Ind.Code § 34–52–1–1, which provides in pertinent part:

> In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:

decided. However, we decline Poulard's invitation to hold that the issues that could have been asserted prior to the entry of summary

judgment were still available to him during the proceedings to determine whether attorney's fees would be awarded.

(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

(2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

(3) litigated the action in bad faith.

The legislative purpose of that statute is to deter frivolous, unreasonable, groundless and bad faith litigation. *Kahn v. Cundiff,* 533 N.E.2d 164, 170 (Ind.Ct.App. 1989), *aff'd and adopted* 543 N.E.2d 627 (Ind.1989). Accordingly, we upheld in *Harco* an order that the plaintiff's attorney pay a dismissed defendant's attorney's fees even though the fees were paid by a non-party. 758 N.E.2d at 944.

The public policy underlying the anti-SLAPP statute similarly dictates an award of attorney's fees to a prevailing defendant like Lauth even when that defendant might not be obliged to pay the fees. In *Ketchum v. Moses,* 24 Cal.4th 1122, 104 Cal.Rptr.2d 377, 17 P.3d 735, 737 (2001), *reh'g denied,* the court addressed a similar attorney's fees provision in the California anti-SLAPP statute, Cal.Code Civ. Proc. § 425.16(c): "In any action subject to [the special motion to strike], a prevailing defendant ... shall be entitled to recover his or her attorney's fees and costs." The court determined the fee-shifting provision "was apparently intended to discourage such strategic lawsuits against public participation by imposing the litigation costs on the party seeking to 'chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.'" 104 Cal.Rptr.2d 377, 17 P.3d at 741. It stated:

The legislative aim in including the attorney fee provision was apparently to strengthen enforcement of certain constitutional rights, including freedom of speech and petition for redress of griev-

ances, by placing the financial burden of defending against so-called SLAPP actions on the party abusing the judicial system, and by encouraging private representation, including instances when a litigant cannot afford fees.

*Id.*

We believe the legislative purpose of the attorney's fees provision of the anti-SLAPP statute is not advanced by allowing the award of attorney's fees to only those parties who have directly incurred that expense and are obliged to pay it, and by denying the award of fees to those litigants whose fees are paid by insurers or other non-parties. We therefore find the trial court abused its discretion in denying Lauth's motion for the attorney's fees a "prevailing defendant ... is entitled to recover" under Ind.Code § 34–7–7–7.

### The Discovery Sanction

On April 22, 2002, the trial court entered an Order Compelling Discovery and Entering Monetary Judgment against Lauth's attorney. The court found Lauth had "failed without just cause to answer interrogatories and notice to produce documents propounded upon them for a period in excess of six months," (Poulard App. at 660), and had not, prior to Poulard's motion to compel, objected to the requested discovery or sought a protective order. It granted Poulard's Motion to Compel, ordered Lauth to serve responses, and entered sanctions against Lauth's attorney in the amount of $750.00 "for the failure of [Lauth] to serve responses to the requested discovery or otherwise respond thereto." (*Id.* at 660–61.)

 A trial court has broad discretion in ruling on discovery issues, and we will reverse a decision in this area only where it is apparent the trial court abused its discretion. *Childress v. Buckler,* 779 N.E.2d 546, 554 (Ind.Ct.App.2002). It is

also within the trial court's discretion to decide which sanction to impose for a failure to comply with discovery matters. *Id.*

 Lauth asserts the entry of sanctions was error because "no opportunity was allowed for compliance," (Br. of Appellees / Cross Appellants Lyal Lauth, Patricia Lauth and Paul Parenteau at 7) (hereinafter "Lauth Br."), and Lauth had no opportunity for a hearing. Ind. Trial Rule 37(D) [6] provides that if a party fails to respond to certain types of discovery requests the trial court may order that party or its attorney to "pay the reasonable expenses, including attorney's fees, caused by the failure[.]" That rule does not explicitly provide for a hearing or "opportunity to comply" prior to the award, and the record reflects a hearing was conducted to address Lauth's past violations. We cannot say the trial court abused its discretion in entering sanctions against Lauth when Lauth failed to respond for six months to Poulard's discovery requests. We decline Lauth's apparent invitation to hold a party has "no opportunity ... for compliance" with a discovery request until it is faced with a trial court's order compelling discovery, and we therefore affirm the entry of sanctions.

Lauth next argues the court erred in failing to hold a hearing on the amount of the sanction. We note initially that Lauth directs us to no legal authority in support of his allegation of error on this point. He has accordingly waived that argument. *See, e.g., Pitman v. Pitman,* 717 N.E.2d 627, 633 (Ind.Ct.App.1999) ("As we have stated many times before, we will not consider a claimant's assertions on appeal where counsel has not presented a cogent argument supported by legal authority and references to the record as required by the rules.").

Notwithstanding the waiver, we note the trial court had before it an affidavit from Poulard's counsel estimating the expense attributable to his work related to Lauth's failure to respond to discovery amounted to "no less than" $1700.00. (Lauth App. at 82.) We cannot say the trial court abused its discretion in awarding sanctions in the amount of $750.00.

## CONCLUSION

Poulard's arguments that the anti-SLAPP statute does not apply to his lawsuit were waived on appeal because he failed to raise them prior to grant of summary judgment on the merits for the newspaper and Lauth. We accordingly affirm the award of attorney's fees to the newspaper. The trial court abused its discretion in declining to award attorney's fees to Lauth, and we accordingly remand for a determination of the amount of attorney's fees to which Lauth is entitled. The trial court properly sanctioned Lauth for failure to comply with discovery, and we affirm that order.

Affirmed in part, reversed in part, and remanded.

MATHIAS, J., and KIRSCH, J., concur.

---

**6.** Lauth's entire argument regarding the propriety of the trial court's entry of the sanction is premised on the court's failure to comply with T.R. 37(A)(4). That section addresses awards for expenses a party incurs in obtaining an order to compel. We note that the trial court's Order explicitly states the sanctions were imposed pursuant to T.R. 37(D), (Poulard App. at 660), and represented sanctions for Lauth's non-compliance prior to the motion to compel. We are therefore unable to address Lauth's allegation of error as to whether the entry of sanctions was proper under T.R. 37(A).