Roena J. RAND, Appellant–Petitioner,

v.

CITY OF GARY, Indiana; Gary Common Council; Roy Pratt, Marilyn Krusas, Robert White, Mary Brown, and Kyle Allen, individually and in their official capacity as members of the Common Council of the City of Gary and Husain Mahmoud, Individually and as Fiscal Officer of the City of Gary, Appellees–Respondents.

No. 45A03–0506–CV–305.

Court of Appeals of Indiana.

Sept. 28, 2005.

Thomas V. Barnes, Gary, IN, for Appellant.

Stephen Bower, Cohen and Thiros, Merrillville, IN, for Appellees Husain Mahmoud, Individually And as Fiscal Officer of the City of Gary.

## OPINION

BAKER, Judge.

Appellant-petitioner Roena J. Rand appeals the trial court's award of attorney's fees to appellee-respondent Husain Mahmoud. Specifically, Rand argues that Mahmoud is not entitled to attorney's fees because he did not personally pay for his attorney's fees and that the trial court erred in awarding fees in excess of the amount actually paid by Mahmoud's employer, the City of Gary (City). Finding no error, we affirm the judgment of the trial court.

### FACTS

On December 13, 2000, Rand filed a complaint against the City, the members of the Common Council of the City, and Mahmoud, the Fiscal Officer of the City. The complaint alleged, among other things, that Mahmoud should be removed from office for malfeasance. On January 4, 2001, Mahmoud filed a motion to dismiss the count of the complaint aimed at removing him from office, arguing that Rand did not have standing to seek his removal from

office. On January 28, 2002,[1] the trial court granted Mahmoud's motion to dismiss, finding that Rand was not the proper party to bring a suit to remove a public official from office and that Rand had failed to allege sufficient facts to support the impeachment claim. The trial court went on to note that Indiana Code sections 5–8–1–35 and 34–52–1–1 allow an award of attorney fees and costs if the suit is frivolous and that the trial court would award such fees and costs "upon the submission by those defendants of proper documentation relating to the same." Appellant's App. p. 4.

On October 15, 2004, Mahmoud filed a motion for recovery of fees incurred defending against Rand's frivolous claim. The trial court held a hearing on the motion on January 13, 2005. On January 20, 2005, the trial court entered an order finding that the City had paid the attorney's fees for Mahmoud and granting Mahmoud's oral request for the City to be named the real party in interest. On April 28, 2005, the trial court held an evidentiary hearing to determine the amount of attorney's fees. Mahmoud's attorney testified that he had worked twenty-five and one-half hours on Mahmoud's case apart from the litigation of the motion for costs and fees, that his contract with the City provided for a fee of $150 per hour, and that his hourly rate otherwise is "anywhere from $175 to $200 an hour." Tr. p. 27. On the same day, the trial court granted Mahmoud's motion for attorney's fees, finding that Mahmoud's counsel had worked twenty-five and one-half hours on his case, and that a reasonable hourly attorney's fee was $175. Thus, the trial court awarded Mahmoud $4,462.50, and Rand now appeals.

*DISCUSSION AND DECISION*

■ Rand argues that the trial court erred in awarding attorney's fees to Mahmoud. Specifically, she asserts that Mahmoud is not entitled to attorney's fees because he did not personally incur them and that the rate awarded was higher than the City actually paid.

When reviewing the award of attorney's fees, we note that a trial court's decision to grant or to deny attorney's fees will not be disturbed absent an abuse of discretion. *Poulard v. Lauth,* 793 N.E.2d 1120, 1125–26 (Ind.Ct.App.2003). Here, Rand does not contest the validity of the trial court's findings of fact or conclusions of law. As such, we will assume that the trial court was correct in finding that Rand's action was frivolous.

Indiana courts have repeatedly held that a party is not required to personally pay the bills for his representation in order to be eligible for an award of attorney's fees. *See Beeson v. Christian,* 594 N.E.2d 441 (Ind.1992) (finding in a dissolution action that it would undermine public policy to require a party to be personally obligated to pay attorney fees before the trial court could order the other party to pay those fees); *Poulard,* 793 N.E.2d 1120 (reversing trial court's denial of statutory attorney's fees where defendant's fees were paid by a non-party insurer); *Harco, Inc. of Indianapolis v. Plainfield Interstate Family Dining Assocs.,* 758 N.E.2d 931, 944 (Ind.Ct.App.2001) (finding that, "[T]he trial court is not constrained to award attorney fees only when those fees have been directly billed to and paid by a party. Rather, the relevant inquiry is whether a party has *incurred* attorney fees." (Citation omitted)).

1. While the Chronological Case Summary notes this order on January 29, 2002, the order itself is dated January 28, 2002. Thus, it appears that the order was actually entered on January 28.

The City, which paid for Mahmoud's attorney, was named the real party in interest. Appellant's App. p. 5. Mahmoud presented evidence as to the amount of attorney's fees the City had incurred. Tr. p. 27–32. In light of the testimony here and the holdings of *Beeson, Poulard,* and *Harco,* we cannot say that the trial court erred in awarding attorney's fees to Mahmoud.

Rand also contends that the trial court erred in awarding attorney's fees to Mahmoud at the rate of $175 per hour as opposed to $150 per hour. Indiana Code section 5–8–1–35(c) states, "In an action under this section, a court may award *reasonable* attorney's fees, court costs, and other reasonable expenses of litigation to the accused officer if: (1) the officer prevails; and (2) the court finds that the accusation is frivolous or vexatious." (Emphasis added). The trial judge is considered to be an expert on the question and may judicially know what constitutes a reasonable attorney's fee. *Glover v. Torrence,* 723 N.E.2d 924 (Ind.Ct.App.2000).

Mahmoud prevailed in this action, and the trial court found the accusation to be frivolous, satisfying the conditions precedent to receiving an award of attorney's fees. Mahmoud's attorney testified that under his contract with the City, he was paid $150 per hour with a $5,000 retainer. Tr. p. 29. As noted in the *FACTS,* he also testified that his normal hourly rate is "anywhere from $175 to $200 an hour." Tr. p. 27. We cannot see how the rate of $175 per hour is unreasonable when it takes into account both the $150 contractual rate and the retainer. Nor does Rand contend that $175 is unreasonable; she merely asserts that it is more than Mahmoud's attorney was paid per hour. However, when one considers the attorney's fees include the per hour rate plus the retainer, $175 is within the evidence and is a reasonable cost for Mahmoud's attorney's fees. Thus, the trial court did not err in this respect.

The judgment of the trial court is affirmed.

RILEY, J., and MATHIAS, J., concur.