**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 8, 2009[*]
Decided October 9, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 09-2105

DWANE INGALLS,
    *Plaintiff-Appellant,*

    *v.*

THE AES CORPORATION,
    *Defendant-Appellee.*

Appeal from the United States District
Court for the Southern District of
Indiana, Indianapolis Division.

No. 1:07-cv-00104-DFH-TAB

David F. Hamilton,
*Chief Judge*.

**O R D E R**

This case is the second lawsuit between Dwane Ingalls and AES. The first suit began in 2004 when AES fired Ingalls, who then sued his former employer in state court for breach of an employment contract, failure to pay wages, wrongful termination, and defamation.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Two months after the state court granted AES partial summary judgment on the wage claim, Ingalls turned to federal district court. There, he sued AES for breach of a stock-option contract, common-law fraud, and Indiana securities fraud. The district court, invoking *Colorado River* abstention, *see Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), stayed the federal proceedings, and we upheld the stay. *See Ingalls v. AES Corp.*, 311 Fed. Appx. 911 (7th Cir. 2008). After Ingalls lost his remaining state-court claims by failing to respond to another summary judgment motion, the district court dismissed his second lawsuit as claim-precluded. We affirm the district court's judgment because claim preclusion bars the federal suit.

In his state-court lawsuit, Ingalls alleged that, when AES was short on cash, he agreed to forgo $105,000 of his base salary and bonus in exchange for stock options that required ten years to vest. That transaction, he concluded, implied a contract for ten years' continued employment. In federal court Ingalls pursues an alternative theory of liability. He argues that AES breached a promise to deliver those stock options, which he allegedly purchased when he gave up his salary and bonus. Ingalls also insists that he was induced to forgo his compensation through both the fraudulent promise of options that AES never intended to provide and by omissions and conduct that violate Indiana securities law.

On appeal Ingalls contends that his first suit does not preclude the second. We apply Indiana's law of claim preclusion because Indiana is the state whose court rendered judgment in the first case. *See* 28 U.S.C. § 1738; *Atkins v. Hancock County Sheriff's Merit Bd.*, 910 F.2d 403, 404 (7th Cir. 1990) (citing *Migra v. Warren City School District*, 465 U.S. 75 (1984)). In Indiana, a prior judgment precludes all claims in a later case that were or might have been litigated in the first case, so long as a court with jurisdiction decided the first case on the merits between the same parties or their privies. *See Perry v. Gulf Stream Coach, Inc.*, 871 N.E.2d 1038, 1048 (Ind. Ct. App. 2007). The parties dispute only whether the Indiana court decided the first case on the merits and whether Ingalls's federal-court claims could have been litigated in that case.

Ingalls offers two reasons why, in his view, the state-court claims were not adjudicated on the merits. First, Ingalls argues that his attorney's failure to respond to AES's second motion for summary judgment in state court prevented a merits-based decision. But Indiana treats all summary judgments as adjudications on the merits. *See Poulard v. Lauth*, 793 N.E.2d 1120, 1123 (Ind. Ct. App. 2003). If the state court had decided the case adversely to Ingalls simply because his attorney failed to oppose the motion for summary judgment, that would not help Ingalls either; under Indiana law, dismissal for failure to prosecute presumptively operates as an adjudication on the merits, too. *See* IND. TRIAL R. 41. Next, Ingalls insists that the state court did not grant him all the discovery that he deserved and, thus, the judgment could not be on the merits. But this is an argument for challenging the

merits on a direct appeal of the state proceedings; it is not a basis for a collateral attack in federal court. *See American Mgmt., Inc. v. Riverside Nat'l Bank*, 725 N.E.2d 930, 933 (Ind. Ct. App. 2000) (noting that non-jurisdictional errors in civil cases can render judgments voidable and subject to direct appeal, but not subject to collateral attack).

This brings us to Ingalls's contention that claim preclusion does not apply because his federal-court claims are different from those in the state court and could not have been raised there. Indiana uses an "identity of evidence" test to determine whether claims in two cases are different. *See Biggs v. Marsh*, 446 N.E.2d 977, 982 (Ind. Ct. App. 1983); *Richter v. Asbestos Insulating & Roofing*, 790 N.E.2d 1000, 1003. (Ind. Ct. App. 2003). The test does not require exact identity of the evidence because that would "invite piecemeal litigation with a vengeance." *Atkins*, 910 F.2d at 405. Instead claim preclusion applies when both suits turn on a shared, central core of evidence. *See id.*

To pursue his federal-court theories of liability for contract and fraud, Ingalls would have to provide evidence of the terms of AES's offer or promise of stock options and his acceptance of or reliance on those terms. This is the same evidence that was required for his state-court contract claims, as we already remarked when we affirmed the stay of the federal-court suit. *See Ingalls*, 311 Fed. Appx. at 914. Ingalls relies on *Biggs*, 446 N.E.2d 977, for the proposition that fraud and contract claims can require different evidence. But in *Biggs* the plaintiff relied on representations other than those made in the contract. *See id.* That kind of divide is absent here. The common-law fraud and the contract claims that Ingalls pursues arise from just one set of representations about the promised stock options. The same is true for Ingalls's securities-fraud claim. That claim just adds potential liability for material omissions or deceitful business conduct. But to demonstrate which omissions and conduct were material, Ingalls would need to produce the same evidence regarding AES's promises and Ingalls's reliance on them as in the state-court case.

Accordingly, we AFFIRM the judgment of the district court.