**Robert C. ATKINS, Plaintiff–Appellant,**

**v.**

**HANCOCK COUNTY SHERIFF'S MERIT BOARD, et al., Defendants–Appellees.**

**No. 88–2585.**

United States Court of Appeals, Seventh Circuit.

Submitted June 28, 1990.

Decided Aug. 7, 1990.

Robert C. Atkins, Greenfield, Ind., pro se.

Richard L. Poynter, Brown & Poynter, Indianapolis, Ind., for defendants-appellees.

Before POSNER, MANION, and KANNE, Circuit Judges.

POSNER, Circuit Judge.

The plaintiff, an employee in the office of the sheriff of Hancock County, Indiana, was discharged for insubordination, after a hearing before the sheriff's merit board. Pursuant to section 36-8-10-11 of the Indiana Code, Atkins sought review of his termination in a circuit court of Indiana, which, after first remanding the matter to the board for a further hearing on the ground that Atkins had not been given sufficient notice of the first hearing, upheld his discharge. Atkins then brought this federal civil rights suit, in which he contends that he was in fact discharged on political grounds, in violation of his rights

under the First and Fourteenth Amendments to the federal Constitution. The district court dismissed the suit as barred by res judicata, and we must determine whether this was a correct application of Indiana law, the law applicable to this suit by virtue of 28 U.S.C. § 1738. *Migra v. Warren City School District*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984).

■ It was a correct determination if Indiana law required Atkins, when he filed his petition for review in the circuit court, to join with it his civil rights suit; and Indiana law *would* require this if otherwise Atkins would be attempting to "split" a single claim into two or more separate suits. The point is not that Atkins should have sought to introduce in the review proceeding evidence bearing on his civil rights claim; we may assume that this would have been barred, that the only evidence conceivably admissible in the review proceeding itself would be evidence bearing on the adequacy of the procedures employed by the administrative agency whose decision was being reviewed. (Although even the admission of that evidence is questionable, *Bolerjack v. Forsythe*, 461 N.E.2d 1126, 1131 (Ind.App.1984), some of it was, rightly or wrongly, admitted by the circuit court in Atkins's review proceeding.) The point is that, since the review proceeding had to be filed in a court of general trial jurisdiction, as the Indiana circuit court is, Atkins could have joined with his petition to review the action of the merit board a complaint for violation of his federal civil rights, a type of complaint that can be brought in state court as well as federal court. *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980).

■ He could have; did he have to? The answer would clearly be "yes" if Indiana defined as a single claim for purposes of res judicata all claims arising out of the same transaction or occurrence. The occurrence here was the dispute that led to Atkins's discharge, and the claim that he was fired for his political activities arises out of that dispute just like his claim before the merit board, that he was not insubordinate. Indiana does not follow the

"same transaction or occurrence" approach, however, but instead the "identity of evidence" approach. *Biggs v. Marsh,* 446 N.E.2d 977, 982 (Ind.App.1983). Understood literally, that approach would confine a plea of res judicata to cases in which the claim in the plaintiff's second suit was identical to the claim in his first, and would invite piecemeal litigation with a vengeance. We have not thought that Indiana intended to confine res judicata so narrowly, and so in *Leal v. Krajewski,* 803 F.2d 332 (7th Cir.1986), we upheld the defense of res judicata in a case ·indistinguishable from this one. We are given no reason to reexamine *Leal.*

Atkins was fired, ostensibly for insubordination. True, his petition to review the board's determination that he was insubordinate and that this was the ground for his being fired does not have the identical elements as his First Amendment claim. He could prevail in the review proceeding by showing that the administrative record did not support a finding that he had been insubordinate, even if he failed to establish the true cause of his being fired. And since the elements of the two claims thus are not identical, there is no expectation that the evidence necessary to support them must always be identical. In this case, however, it *is* identical. The evidence of Atkins's alleged insubordination, of his political activities, of the reactions of his superiors to his political activities—all this evidence is not only germane, but central, both to the review proceeding and to the civil rights claim. The overlap is complete as a practical matter, and no more is required to uphold a res judicata defense under the same-evidence rule. *Coulson v. State,* 488 N.E.2d 1154 (Ind.App.1986).

*Biggs v. Marsh, supra,* is distinguishable. The first suit sought specific performance of a contract and the second sought damages for fraud in inducing the plaintiffs to believe they had a contract. The suits arose from the same transaction but the evidence required to establish the one claim "differ[ed] substantially" from the evidence required to establish the other, 446 N.E.2d at 982, so the judgment in the first suit was not a bar to the second.

In our case, both claims turn on the same evidence: the evidence regarding Atkins's alleged insubordination.

Atkins's best case is *Peterson v. Culver Educational Foundation,* 402 N.E.2d 448 (Ind.App.1980). So far as is relevant to the present case, the plaintiff in *Culver* had sued his supervisor for breach of the plaintiff's contract of employment and then in a separate action sued him for defamation as well. The supervisor had made the allegedly defamatory utterances at the time that he fired the plaintiff, and indeed in explanation of his decision to fire him. Nevertheless the court held that these were two claims, not one, for purposes of res judicata. *Id.* at 461–62. The case is similar to ours, but distinguishable, if barely so. In *Peterson* the defamatory utterances were distinct from the discharge itself, while in our case the claim in both the first and the second suits is wrongful discharge, the only difference being that in the first what is claimed to make the discharge unlawful is lack of evidence of insubordination and in the second it is racial discrimination. The reasons differ but the act complained of, the discharge, is the same and the critical evidence—evidence bearing on whether Atkins in fact was insubordinate and, if he was not, then on why he was fired—is identical.

We cannot be certain that we are interpreting Indiana's law of res judicata correctly. But our doubts are not a good reason to overrule *Leal v. Krajewski,* as we would have to do in order to reverse the judgment for the defendants.

AFFIRMED.