**Alan W. KIELER, Appellant**
**(Defendant Below),**

v.

**C.A.T., By Next Friend, C.S.T., By Next Friend, Dede A. TRAMMEL, Appellee**
**(Petitioner Below).**

No. 02A04–9302–JV–37.

Court of Appeals of Indiana,
Fourth District.

June 22, 1993.

Rehearing Denied Aug. 17, 1993.

Jerrald A. Crowell, Moss, Crowell, Harris, Yates & Long, Fort Wayne, for appellant.

Pamela Carter, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Judge.

This case involves a pure question of law: Whether the doctrine of *res judicata* bars a paternity action by a child where a judgment has been rendered against the mother in a previous paternity action in which the child was not a party.

The trial court found it does not. We agree and affirm.

## FACTS

On June 8, 1989, Dede A. Trammel [Trammel] became the mother of twin boys, C.A.T. and C.S.T. About six weeks later, she filed a paternity action against Alan W. Kieler. On August 21, 1990, the court denied her petition and stated that "[Trammel] is the mother of the minor children [C.A.T. and C.S.T.]; that [Trammel] was married to a third party at the time of conception and birth of [the] minor children; [and] that [Trammel] has failed to rebut the presumption that her husband is the father of the minor children." Trammel and her husband were separated both when the twins were conceived and at the

---

1. In actuality, this motion converted to a motion for summary judgment because the pleadings only referenced the cause number of the former paternity action and the trial court was required to take judicial notice of its own records. Thus, the trial court considered evidence

time of the paternity hearing. They later divorced.

On February 28, 1992, the children, by Trammel as next friend, filed a petition to establish paternity naming Kieler as their putative father. Kieler denied he was their father and—citing the 1990 decision of the court—raised as an affirmative defense the doctrine of *res judicata* and moved for judgment on the pleadings.[1] On June 12, 1992, the trial court granted Kieler's motion. Trammel then filed a Motion to Correct Error which was later amended. On October 7, 1992, the court entered the following decision and granted Trammel's Amended Motion to Correct Error:

## ENTRY

The parties having appeared by attorneys, and cause submitted on [Trammel's] Motion to Correct Errors. The Magistrate finds:

1. That this action was brought against [Kieler] by the minor children through Dede A. Trammel as their next friend.
2. That in July of 1989, Dede A. Trammel filed a paternity action against [Kieler] to establish paternity for [C.A.T. and C.S.T.].
3. That in the action brought in 1989, this Court entered a judgment against [Trammel]. That said judgment was on the merits that said action was brought to establish the same issue as this action, that being the paternity of the minor children.
4. That the minor children were not parties to the action filed in July of 1989.
5. That I.C. 31-6-6.1-2 allows the mother, the father, the mother and father jointly, and the child to bring a paternity action.
6. *That because the minor children have a separate right to maintain a paternity action they cannot be considered to have privy with the father or*

outside the pleadings when it granted Kieler's motion and actually granted summary judgment against the children. However, the procedural posture of this case is not an issue because the trial court reversed itself by granting Trammel's motion to correct error.

*the mother unless they are specifically named as parties to the paternity action.*

*7. That under Indiana Law the judgment entered in the action brought in July of 1989 is not res judicata to this action.*

Therefore, the Magistrate recommends that the Court ORDER, ADJUDGE AND DECREE:

1. That [Trammel]'s Motion to Correct Errors be granted and that this case be reinstated.

DATE: <u>10/7/92</u> Robert J. Schmott, Magistrate.

The Court now adopts the above findings and recommendations of the Magistrate as the findings and orders of this court this 7th Day of October, 1992.

> Robert R. Hockensmith
> Judge, Allen Superior Court
> Family Relations Division

R. 58–59. (Emphasis added).

## DECISION

■ Kieler claims this action is barred by *res judicata* and the trial court erred as a matter of law. "Appellate courts independently, and without the slightest deference to trial court determinations, evaluate those issues they deem to be questions of law. A pure question of law is one that requires neither reference to extrinsic evidence, the drawing of inferences therefrom, nor the consideration of credibility questions for its resolution." Kenneth M. Stroud, 4A *Indiana Practice*, § 12.3, 134 (1992). An appellate court reviews de novo a trial court's legal conclusions. *Brant v. Hester* (1991), Ind.App., 569 N.E.2d 748, 754.

■ The doctrine of *res judicata* consists of two concepts, claim preclusion and issue preclusion. Claim preclusion applies where a final judgment on the merits has been rendered which acts as a complete bar to a subsequent action on the same claim between those parties and their privies. *J.D. v. E.W. by Her Next Friend, C.W.*

(1993), Ind.App., 610 N.E.2d 289; *Hood v. G.D.H. by Elliott* (1992), Ind.App., 599 N.E.2d 237, 239. When claim preclusion applies, all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action. *Hood, supra,* at 239; *In re Marriage of Moser* (1984), Ind.App., 469 N.E.2d 762, 766. Issue preclusion bars the subsequent relitigation of the same fact or issue where that fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in a subsequent action. *J.D. v. E.W.* (1993), Ind.App., 610 N.E.2d 289, *supra,*[2] *Sullivan v. American Cas. Co. of Reading, Pa.* (1992), Ind., 605 N.E.2d 134, 137. Where issue preclusion applies, the previous judgment is conclusive only regarding those issues actually litigated and determined therein. *Hood, supra,* at 766. This case deals with claim preclusion.

■ For claim preclusion to apply, four elements must be present:

(1) the former judgment must have been rendered by a court of competent jurisdiction;

(2) the former judgment must have been rendered on the merits;

(3) the matter now in issue was, or might have been, determined in the former suit; and

(4) *the controversy adjudicated in the former action must have been between parties to the present suit or their privies.*

*J.E. v. N.W.S., by S.L.S.* (1991), Ind.App., 582 N.E.2d 829, 830–831, *reh'g denied, trans. denied. J.E. v. N.W.S., by S.L.S.* also was a paternity action. Mother sought to establish paternity which the alleged father denied. The action was dismissed pursuant to Ind. Trial Rule 41(E) for failure to prosecute. Five years later, Mother brought a paternity action as next friend of the child. The court found the dismissal, which operated as an adjudication on the merits pursuant to T.R. 41(B), did not bar the child's action because the

---

**2.** We repeat the full citation to insure clarity because of the numerous citations in this case to other cases whose parties are designated only by initials.

child was not a named party in the prior action.

In the instant case, there is no dispute regarding the jurisdiction of the court in the initial paternity action nor do the parties dispute that paternity was determined in the former suit. Kieler claims the former judgment was on the merits and that the twins were either parties or in privity with their mother. We are not persuaded that either is the case.

### A. Judgment on the Merits

As in *Hood*, we have no transcript of the testimony taken at the first hearing, the arguments presented, or evidence offered. The Record before us contains only the final order of the court which states in pertinent part: "[Trammel is the mother of the minor children [C.A.T. and C.S.T.]; that [Trammel] was married to a third party at the time of conception and birth of [the] minor children; that [Trammel] has failed to rebut the presumption that her husband is the father of the minor children." [3] However, the Record in the instant case *does* indicate that a blood test submitted by Mr. Trammel (Trammel's former husband and the presumed father) in 1992 resulted in an order from the court dated March 31, 1992, which found Mr. Trammel was not the father of the twins C.A.T. and C.S.T. There is some dispute between the parties as to the admissibility of this test in the instant action. Be that as it may, it is clear that this test was not entered into evidence in the former action. Based on the Record before us, it appears that the issue of pa-

ternity was not fully litigated in the former action. However, this question is not dispositive of the instant case because Kieler fails the fourth element of claim preclusion—the twins were neither parties nor in privity with a party in the former action.

### B. Parties in the Previous Action

The dispositive question in the instant case is whether the twins were parties or in privity with their mother in the former action. It is clear from the caption in that case that the previous action was between Trammel and Kieler.[4] Kieler relies on our holding in *T.R. v. A.W. by Pearson* (1984), Ind.App., 470 N.E.2d 95, *reh'g denied, trans. denied*, in concluding that Trammel fully represented the twins in the first action, therefore, they were privies in that action. Kieler's reliance on *T.R. v. A.W.* is misplaced because the initial paternity action in *T.R. v. A.W.* was filed before the 1979 repeal of Ind.Code 31–4–1–1 *et seq.* and its replacement by Ind.Code 31–6–6.1–1. Unlike the current statute, the child was not a necessary party to a paternity action brought under the previous statute. *See* n. 5, *infra.*

First, of course, we note that in the instant case, the twins were not named parties in the former paternity action— they were the *subject* of it. Second, in Indiana, children now are considered necessary parties to a paternity action. *J.D. v. E.W. by Her Next Friend, C.W.* (1993), Ind.App., 610 N.E.2d 289, *supra*, at n. 1; Ind.Code 31–6–6.1–2(c).[5] In *J.D. v. E.W.*,

---

3. According to Kieler, the complete decision of the court states:

   Parties in person and by attorneys. Cause submitted and evidence heard.

   The Magistrate finds that the petitioner is the mother of the minor children …; that the petitioner was married to a third party at the time of the conception and birth of the minor children; and that the petitioner has failed to rebut the presumption that her husband is the father of the minor children.

   The Magistrate recommends that the petition be denied.

   Magistrate's entry adopted as the order of the Court.

   R. 15, 16. We note that the above is neither a photocopy of the Decision nor the Decision itself, but merely what appears in Kieler's Motion

for Judgment on the Pleadings. However, Trammel does not dispute that this is a true representation of the 1989 Decision.

4. The caption of the 1989 petition reads:

   In the Matter of Paternity of [C.A.T. and C.S.T.],

   Dede A. Trammel, Petitioner,

   v.

   Alan Kieler, Respondent.

   R. 15, 21, 58.

5. I.C. 31–6–6.1–2 provides in pertinent part:

   (a) A paternity action may be filed by the following persons:

   (1) The mother, or expectant mother.

   (2) A man alleging that he is the child's biological father, or that he is the expectant father of an unborn child.

an Indiana trial court found paternity was established in a prior proceeding. A full trial on the merits had been held in Illinois at which both parties were represented by counsel and the court heard testimony of the parties, other witnesses, an expert, and the arguments of counsel. Under Illinois law, the mother represented the child's interest and mother and child were in privity as to the paternity action. In affirming the trial court, Judge Staton distinguished J.D.'s case from previous Indiana cases which had allowed a child's separate paternity action because: "Unlike Indiana, Illinois does not consider the child a 'necessary party' to a paternity action. Compare Ind.Code 31-6-6-1-2(c) (1992 supp.) with Ill.Ann.Stat. ch. 40, para. 2507 (1992 supp.)." *Id.* at n. 1. Thus, since the Illinois judgment was entitled to full faith and credit in Indiana, the child was barred under the doctrine of *res judicata* from bringing a second paternity proceeding in Indiana.

As the court stated in *J.E. v. N.W.S., by S.L.S.* (1991), Ind.App., 582 N.E.2d 829, *supra:* "A 'necessary party' is not a presumptive party under the terms of [this] statute. Rather, a necessary party is one who must be joined in the action for just adjudication.... [T]he statute does not create party status for the child ... the child must be specifically joined as a party to the lawsuit." *Id.* at 832. Thus, for a person to be bound by a prior judgment, he must be a party because "the law is settled that no one's rights may be adversely affected if he is not a party to the litigation...." *Wyatt-Rauch Farms, Inc. v. Public Service Co. of Ind., Inc.* (1974), Ind.App., 311 N.E.2d 441, 443.

As this court has stated, the interests of children are not necessarily the same as those of their mother.[6] Although securing support and education expenses for children is the primary purpose of a paternity action, the interests of the children are not limited to child support. *J.E. v. N.W.S., by S.L.S.* (1991), Ind.App., 582 N.E.2d 829, *supra* at 831. Judge Rucker further explained:

A child born out of wedlock who establishes paternity in a timely fashion has certain rights to inherit from the father, Ind.Code § 29-1-2-7(b), as well as certain rights to claim other economic benefits upon the death of the father. *S.V. v. The Estate of James A. Bellamy* (1991), Ind.App., 579 N.E.2d 144. These rights, in addition to the right to receive child support, are of constitutional dimensions and are entitled to protection under the equal protection clause of the United States Constitution. *Mills v. Habluetzel* (1982), 456 U.S. 91 [102 S.Ct. 1549, 71 L.Ed.2d 770 (1982)].

In light of the interests involved and the manifest purpose of the statutory scheme to promote the welfare of the child ... [in an action where a child may be barred from establishing its rights on *res judicata* grounds] .. we hold [that] this result [the loss of the child's rights] can only be justified where the Child was clearly named as a party in the prior proceeding.

*Id.* at 831-832.

In addition, this court noted in *Matter of S.L.* (1992), Ind.App., 599 N.E.2d 227, that the legislature also has recognized, in adoption and termination of parental rights

---

(3) The mother and a man alleging that he is her child's biological father, or by the expectant mother and a man alleging that he is the biological father of her unborn child, filing jointly.
(4) A child.
A person under the age of eighteen (18) may file a petition if he is competent except for his age.
A person who is otherwise incompetent may file a petition through his guardian, guardian ad litem, or next friend.
* * * * *
(c) *In every case, the child,* the child's mother, and any person alleged to be the father *are*

*necessary parties to the action.* (Emphasis added).

**6.** We also note that the statute of limitations, Ind.Code 31-6-6.1-6, provides different time periods for parents and children. Subsection (a) states that the mother (or father) has two years after the child is born to file an action. The child "may file a petition at any time before he reaches twenty (20) years of age. If the child is incompetent on his eighteenth birthday, he may file a petition within two years after he becomes competent." Subsection (b).

proceedings, that the interests of the State and the interests of the child are not necessarily identical. *Id.* at 230, n. 3. Thus, the legislature "enacted several statutes which direct or permit the court to appoint a representative for the children involved in such proceedings. *See* Ind.Code 31–6–4–10(g), Ind.Code 31–6–4–13.6(c)(1) and (2), and Ind.Code 31–6–5–4(d)." *Id.* It seems logical that if the child's interests must be protected when parental rights and duties may be terminated, these same interests should be protected when parental rights and duties may be established or lost. Therefore, for the foregoing reasons, we hold that the twins were not barred by the doctrine of *res judicata* in bringing an action to establish paternity against their putative father.

In the alternative, Kieler argues that if the State prevails in this case, a valid prior judgment can be collaterally attacked which would be contrary to our holding in *Brindle v. Anglin* (1973), 156 Ind.App. 219, 295 N.E.2d 860. He claims that because the Allen County prosecutor [7] represented Trammel in the former action, and that Trammel represented the twins, the twins should be estopped from attacking the judgment. However, since we have found that the twins were not parties and, thus, not represented in the 1989 action, we find no merit to his argument.

Kieler also argues that the position urged by the State could result in three separate actions filed and tried on the merits on the question of Kieler's paternity—one by the mother and one by each of the twins. We refer Kieler's counsel to Ind. Trial Rule 19 (Joinder Of Person Needed For Just Adjudication) for the solution to Kieler's dilemma.

The judgment of the trial court is affirmed.

SHARPNACK, C.J., and CHEZEM, J., concur.

---

7. The Allen County prosecutor represented Trammel in the first paternity action and again represented her, in her capacity as Next Friend, in the instant case.