FILED

Feb 06 2018, 9:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Christopher P. Phillips | Steven Knecht |
| Phillips Law Office P.C. | Vonderheide & Knecht, P.C. |
| Monticello, Indiana | Lafayette, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Janet Freels, | February 6, 2018 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 91A02-1708-PL-1988 |
| v. | Appeal from the White Superior Court |
| James F. Koches and Sunset Builders, Inc., | The Honorable Robert B. Mrzlack, Judge |
| *Appellee-Defendant.* | Trial Court Cause No. 91D01-1703-PL-11 |

**Najam, Judge.**

## Statement of the Case

[1] Janet Freels appeals the trial court's dismissal of her complaint against James F. Koches and Sunset Builders, Inc. (collectively, "Sunset"). Freels raises a single

issue for our review, namely, whether the trial court erred when it dismissed her complaint pursuant to the doctrine of res judicata.[1] We affirm.

## Facts and Procedural History

In February of 2016, Freels filed a small-claims action against Sunset. In her notice of claim, Freels alleged that Sunset had failed to properly perform certain construction work on her home, which resulted in water damage and mold. Freels sought damages in the amount of $6,000. After a fact-finding hearing, in May the small claims court ruled in favor of Sunset on Freels' claim. Freels did not appeal that judgment.

In March of 2017, Freels filed a complaint against Sunset in the White Superior Court. In that complaint, Freels alleged that Sunset's "poor workmanship" in its construction on her home resulted in "more than $30,000.00" in damages to Freels. Appellant's App. Vol. 2 at 9-10. Freels also alleged that Sunset's actions amounted to fraud and conversion, and that she was additionally entitled punitive damages, treble damages, and attorney's fees.

Sunset moved to dismiss Freels' March 2017 complaint in the trial court on the grounds that her complaint was barred by the doctrine of res judicata. Sunset

---

[1] Freels' brief and construction of the record on appeal conflate her appeal from the trial court's final judgment in 91D01-1703-PL-11 with her appeal from the small claims court's simultaneous denial of her motion for relief from judgment in 91D01-1602-SC-82. But Freels has not requested that this Court consolidate those two proceedings and judgments into one appeal. As such, we have separately addressed each appeal and have partitioned our review of the record and the briefs accordingly. We also note that Freels' appendix on appeal does not include the trial court's chronological case summary, which is contrary to Indiana Appellate Rule 50(A)(2)(a).

attached to its motion Freels' February 2016 notice of claim in the small claims court as well as that court's judgment on her claim. Freels responded to Sunset's motion to dismiss, and the trial court held a hearing. Thereafter, the trial court granted Sunset's motion to dismiss based on res judicata. This appeal ensued.

## Discussion and Decision

[5] Freels appeals the trial court's judgment to dismiss her complaint pursuant to the doctrine of res judicata. We review *de novo* the trial court's ruling on a motion to dismiss under Indiana Trial Rule 12(B)(6). *Caesars Riverboat Casino, LLC v. Kephart*, 934 N.E.2d 1120, 1122 (Ind. 2010). "Such a motion tests the legal sufficiency of a claim, not the facts supporting it." *Id.* "Viewing the complaint in the light most favorable to the non-moving party, we must determine whether the complaint states any facts on which the trial court could have granted relief." *Id.* "If a complaint states a set of facts that, even if true, would not support the relief requested, we will affirm the dismissal." *McPeek v. McCardle*, 888 N.E.2d 171, 174 (Ind. 2008). We may affirm the grant of a motion to dismiss if it is sustainable on any theory. *Id.*

[6] The trial court here dismissed Freels' complaint under the doctrine of res judicata. As we have explained:

> The principle of res judicata is divided into two branches: claim preclusion and issue preclusion.

The first of these branches, claim preclusion, applies where a final judgment on the merits has been rendered and acts as a complete bar to a subsequent action on the same issue or claim between those parties and their privies. When claim preclusion applies, all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action. The following four requirements must be satisfied for claim preclusion to apply as a bar to a subsequent action: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies.

The second branch of the principle of res judicata is issue preclusion, also known as collateral estoppel. Issue preclusion bars the subsequent litigation of a fact or issue that was necessarily adjudicated in a former lawsuit if the same fact or issue is presented in the subsequent lawsuit. If issue preclusion applies, the former adjudication is conclusive in the subsequent action, even if the actions are based on different claims. The former adjudication is conclusive only as to those issues that were actually litigated and determined therein. Thus, issue preclusion does not extend to matters that were not expressly adjudicated and can be inferred only by argument. In determining whether issue preclusion is applicable, a court must engage in a two-part analysis: (1) whether the party in the prior action had a full and fair opportunity to litigate the issue, and (2) whether it is otherwise unfair to apply issue preclusion given the facts of the particular case. The non-exhaustive factors to be considered by the trial court in deciding whether to apply issue preclusion include: (1) privity, (2) the defendant's incentive to litigate the prior action, and (3) the ability of the plaintiff to have joined the prior action.

*Angelopoulos v. Angelopoulos*, 2 N.E.3d 688, 696 (Ind. Ct. App. 2013), *trans. denied*. There is no dispute in the instant appeal that the trial court's application of res judicata here was under the "branch" of claim preclusion.

[7] Also relevant to this appeal is Indiana Small Claims Rule 11(F). That Rule states that a judgment of a small claims court "shall be res judicata only as to the amount involved in the particular action and shall not be considered an adjudication of any fact at issue in any other action or court." Ind. Small Claims Rule 11(F). "In other words, Smalls Claims Rule 11(F) prohibits the application of issue preclusion based on a small claims judgment, but [it] does not prohibit claim preclusion." *Geico Ins. Co. v. Graham*, 14 N.E.3d 854, 860 (Ind. Ct. App. 2014) (discussing *In re Ault*, 728 N.E.2d 869, 872 (Ind. 2000)).

[8] On appeal, Freels asserts that the trial court erred for three reasons when it dismissed her complaint. First, Freels contends that her complaint in the trial court alleged new claims against Sunset and, as such, res judicata does not apply to those new claims. Similarly, Freels' second argument is that the trial court erred in dismissing her complaint because, at the time of the small-claims proceedings, she "had no idea that additional areas were damaged" and that "the actual damage caused . . . was in excess of $30,000.00." Appellant's Br. at 9.

[9] In support of those two arguments, Freels relies exclusively on this Court's opinion in *Biggs v. Marsh*. In *Biggs*, we held that two prospective homebuyers' failed suit for specific performance against a homeowner on their apparent

purchase agreement did not preclude the buyers from later bringing suit against the owner for fraudulent misrepresentation. 446 N.E.2d 977, 982 (Ind. Ct. App. 1983). In particular, we held that "[t]he evidence to establish the material elements of a fraudulent misrepresentation of an existing fact reasonably relied upon by the [buyers] to their detriment differs substantially from the evidence necessary to sustain" their claim for specific performance. *Id.*

[10] But we have since clarified our holding in *Biggs*. As we more recently stated:

> Hilliard would have us follow *Biggs* and take a literal interpretation of the identical evidence test, which has since been called into question by the Seventh Circuit. In *Atkins v. Hancock County Sheriff's Merit Board*, the Seventh Circuit noted that Indiana follows the identical evidence test, as is outlined in *Biggs*. 910 F.2d 403, 405 (7th Cir. 1990). The court went on to say "[u]nderstood literally, that approach would confine a plea of res judicata to cases in which the claim in plaintiff's second suit was identical to the claim in his first, and would invite piecemeal litigation with a vengeance. We have not thought that Indiana intended to confine res judicata so narrowly . . . ." *Id.* Hilliard's argument is centered around the idea that we should apply the literal interpretation of this test; she contends that some evidence necessary to adjudicate her second set of claims was not before the trial court in her first set of claims, preventing the invocation of res judicata. However, we find this argument unpersuasive.

> Applying a practical interpretation of the identical evidence test, the claims at issue in the present case could have been adjudicated in the first case. Even though individual pieces of evidence may differ between the two sets of claims, . . . the same general evidence would be used to adjudicate all of Hilliard's claims . . . . Furthermore, *all of this evidence was available from the beginning of this litigation*; Hilliard's claims all sought the same

ultimate relief and there is no claim in the second case that could not have been adjudicated in the first case. All of the legal theories of relief she puts forth in both sets of claims should have been adjudicated at once. Choosing to withhold evidence and theories of relief should not be the basis for allowing Hilliard another "bite at the apple."

Furthermore, we reject Hilliard's argument because it was the conscious decision of her and her husband not to set forth all of the evidence and legal theories they had. A party cannot fail to introduce evidence in the first case and then later claim that the excluded evidence is necessary for the second case, barring res judicata under the identical evidence rule. "[A] party who neglects to put in the evidence that would support the withheld legal theory cannot later point to its own omission as justification for filing another suit. Such an approach would gut the rules of preclusion." *Wabash Valley Power Ass'n v. Rural Electrification Admin.*, 903 F.2d 445, 456 (7th Cir. 1990) (internal citations omitted). Allowing Hilliard's claims to continue would be allowing her the possibility of endless litigation over the life insurance policies—as long as she withheld some piece of evidence or some legal theory, she could attempt to litigate her claims again until she got a ruling in her favor. This would completely eviscerate the doctrine of res judicata.

*Hilliard v. Jacobs*, 957 N.E.2d 1043, 1047-48 (Ind. Ct. App. 2011) (emphasis added; alterations original to *Hilliard*), *trans. denied*.

[11] We agree with *Hilliard* and conclude that, here, Freels' additional claims and damages could have been, and should have been, litigated in her first action. *See id.*; *see also Angelopoulos*, 2 N.E.3d at 696 (claim preclusion prohibits the subsequent litigation of any matter that "was, *or could have been*, determined in the prior action") (emphasis added). Indeed, Freels' argument here is that this

Court should apply a literal reading of *Biggs*, which we have already plainly rejected. *Hilliard*, 957 N.E.2d at 1047-48. As such, we likewise reject Freels' argument.

[12] Moreover, Freels' argument that she "had no idea" about the full nature and extent her claims against Sunset or her damages at the time of the small-claims action is beside the point. The question is not whether Freels had actual knowledge of that information at the time she filed her notice of claim in the small claims court, but, rather, whether a reasonably prudent person who had the means of that knowledge at hand would have ascertained it. *Cf. Keybank Nat'l Ass'n v. NBD Bank*, 699 N.E.2d 322, 327 (Ind. Ct. App. 1998) (discussing actual notice and inquiry notice). Nothing about the facts alleged in Freels' subsequent action in the White Superior Court demonstrates that the "new" information relied upon was unavailable to her at the time she filed her action in the small claims court. Rather, the underlying facts demonstrate that both litigations are "essentially the same." *Becker v. State*, 992 N.E.2d 697, 700 (Ind. 2013). As such, Freels' second action is barred under the doctrine of claim preclusion.

[13] Freels' third argument is that, due to the informal nature of small-claims proceedings, res judicata simply "should not apply" to them. Appellant's Br. at 10. Our Supreme Court disagrees. In *In re Ault*, the Court held that res judicata—specifically, claim preclusion—attaches to the judgments of our small claims courts. 728 N.E.2d at 872 (discussing *Cook v. Wozniak*, 500 N.E.2d 231, 233 (Ind. 1987)). Freels' argument on this issue would also have us disregard

Small Claims Rule 11(F), which, as we explained in *Geico*, means that claim preclusion applies to the judgments of our small claims courts. *Geico*, 14 N.E.3d at 860. Accordingly, we reject Freels' broad assertion that the informality of small-claims proceedings prohibits the application of res judicata here.

In sum, we decline Freels' request to apply a literal reading of *Biggs*. Instead, we follow this Court's subsequent clarification of *Biggs* in *Hilliard*. We also decline Freels' request to exempt small-claims proceedings from the doctrine of res judicata. Thus, we affirm the trial court's dismissal of Freels' complaint.

Affirmed.

Mathias, J., and Barnes, J., concur.