## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 12 2018, 9:23 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Matthew E. Koch | Curtis T. Hill, Jr. |
| Bunker Hill, Indiana | Attorney General of Indiana |
| | Frances Barrow |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Matthew E. Koch, | June 12, 2018 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 49A02-1708-MI-1767 |
| v. | Appeal from the Marion Superior Court |
| State Department of Revenue, | The Honorable David J. Dreyer, Judge |
| *Appellee-Respondent.* | Trial Court Cause No. 49D10-1612-MI-45368 |

**Robb, Judge.**

# Case Summary and Issue

Matthew Koch, pro se, filed a petition to compel access to public records, seeking records from the Indiana Department of Revenue ("IDR") related to his grandparents' estate. The trial court dismissed his petition on IDR's motion. Koch now appeals the trial court's dismissal, raising one issue for our review: whether the trial court's dismissal of his petition was proper. Concluding the trial court did not err in granting the motion to dismiss, we affirm.

# Facts and Procedural History

Koch's grandfather, Norman W. Koch, passed away in 2005, and Koch expected to inherit from him through a trust that would vest at the passing of Koch's grandmother, Pauline. Koch has been imprisoned since 2008, and did not learn of Pauline's 2010 passing until March 2015. Koch then began investigating because he believed he was defrauded out of receiving his inheritance. As part of this investigation, Koch filed a public records request with IDR seeking copies of all records "pertaining, in any way, to inheritance taxes for either of the estates of Norman W. Koch and Pauline A. Koch . . . ." Appellant's Appendix, Volume II at 5. IDR responded by letter informing Koch that inheritance tax documents are not subject to disclosure under the Access to Public Records statutes because Koch was not listed as "a devisee, an heir, a successor in interest or a surviving joint tenant" on Pauline's inheritance tax returns. *Id.* at 9.

Koch then filed a petition to compel access to public records in the trial court. IDR filed a motion to dismiss Koch's petition based on the same grounds on which it denied Koch's request. The trial court granted IDR's motion to dismiss. Koch now appeals.

# Discussion and Decision

## I. Standard of Review

The trial court granted IDR's motion to dismiss for failure to state a claim upon which relief could be granted. *See* Ind. Trial Rule 12(B)(6). A motion to dismiss under Trial Rule 12(B)(6) tests the legal sufficiency of the plaintiff's claim, not the facts supporting it. *Hoosier Ins. Co. v. Riggs*, 92 N.E.3d 685, 687 (Ind. Ct. App. 2018). Therefore, a 12(B)(6) motion presents a legal question that we review de novo. *Ward v. Carter*, 90 N.E.3d 660, 662 (Ind. 2018). We may affirm a dismissal under Rule 12(B)(6) if it is sustainable on any basis in the record. *Id.* That is, if the complaint states a set of facts that, even if true, would not support the requested relief, we will affirm the dismissal. *Freels v. Koches*, 94 N.E.3d 339, 342 (Ind. Ct. App. 2018).

## II. Dismissal

Indiana Code section 5-14-3-3(a) states the general rule that "[a]ny person may inspect and copy the public records of any public agency during the regular business hours of the agency . . . ." Indiana Code section 5-14-3-1 states,

> This chapter shall be liberally construed to implement [the policy that all persons are entitled to full and complete information regarding the affairs of government] and place the burden of proof for the nondisclosure of a public record on the public agency that would deny access to the record and not on the person seeking to inspect and copy the record.

However, section 5-14-3-4 excepts certain records from the general disclosure requirement. Relevant to this case, section 5-14-3-4(a)(1) excepts records "declared confidential by state statute." In turn, section 6-4.1-12-12(a) declares that IDR and any person who has or gains access to inheritance tax files "shall not divulge any information disclosed by the documents" except that disclosure may be made to a "devisee, an heir, a successor in interest, or a joint surviving tenant of the decedent for whom an inheritance tax return was filed." Ind. Code § 6-4.1-12-12(a)(11).[1]

[6]    Here, IDR denied Koch's request on the basis of Indiana Code sections 5-14-3-4(a)(1) and 6-4.1-12-12(a)(11), because he was not named as a devisee, heir, successor in interest, or joint surviving tenant in the inheritance tax returns filed by Pauline's estate. *See* Appellant's App., Vol. II at 8-9.[2] A person who has been denied the right to inspect a public record by a public agency may file an action in the circuit or superior court of the county in which the denial occurred

---

[1] Any person who discloses an inheritance tax return improperly faces a criminal sanction and termination from employment. Ind. Code § 6-4.1-12-12(b).

[2] IDR did not specifically comment on any inheritance tax returns that may have been filed for Norman's estate. Because, as we discuss below, Koch has not shown his entitlement to any tax return, that omission is irrelevant.

to compel the public agency to permit the person to inspect the public record. Ind. Code § 5-14-3-9(e).

[7] Koch exercised his right to seek review of the denial in court. In the ensuing action, the trial court was to

> determine the matter de novo, with the burden of proof on the public agency to sustain its denial. If the issue in de novo review under this section is whether a public agency properly denied access to a public record because the record is exempted under section 4(a) of this chapter, the public agency meets its burden of proof under this subsection by establishing the content of the record with adequate specificity and not by relying on a conclusory statement or affidavit.

Ind. Code § 5-14-3-9(f).

[8] Koch alleges the trial court erred in granting a dismissal because his complaint properly stated a claim for relief on its face. Although Koch pleaded that he made a request for a public record maintained by a public agency and that his request was denied, he did not show his entitlement to the records. Inheritance tax returns are confidential by statute and can only be disclosed to a devisee, heir, successor in interest, or surviving joint tenant of the decedent. Although Koch states he is the biological grandson of Norman and Pauline and alleges "he *believes* himself to be a beneficiary" of his grandparents' estate, Appellant's App. at 6 (emphasis added), he has not shown that he *is* an heir. Therefore, his

complaint on its face does not support the relief he seeks and the trial court did not err in granting IDR's motion to dismiss.[3]

# Conclusion

[9] Because Koch's petition to compel production of a confidential public record did not show his entitlement to the record, the trial court properly dismissed his petition. The judgment of the trial court is affirmed.

[10] Affirmed.

Najam, J., and Altice, J., concur.

---

[3] This court recently decided the case of *Koch v. Vanderburgh Cty. Treasurer*, 17A-MI-3018 (Ind. Ct. App. Apr. 5, 2018), in which Koch was seeking Norman's inheritance tax returns from the Vanderburgh County Treasurer. Because the designated evidence showed the Treasurer did not have in its possession documents relative to Norman's estate and as "it is axiomatic that the Treasurer cannot produce records that it does not possess," we affirmed the trial court's grant of summary judgment to the Treasurer. *Id.* at *3.