## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 01 2018, 9:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darla S. Brown
Sturgeon & Brown
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In Re the Paternity of J.B.;

J.B., by Next Friend Zachary Nathaniel Cornett,

*Appellant-Petitioner,*

v.

Kendra Pierson,

*Appellee-Respondent.*

November 1, 2018

Court of Appeals Case No.
18A-JP-1251

Appeal from the Bartholomew
Superior Court

The Honorable James D. Worton,
Judge

Trial Court Cause No.
03D01-1803-JP-1332

**Najam, Judge.**

## Statement of the Case

[1]     J.B. ("Child"), by Next Friend Zachary Nathanial Cornett ("Cornett"), appeals

the trial court's grant of Kendra Pierson's ("Mother's") motion to dismiss

Child's paternity petition. Child presents a single issue for our review, namely, whether the trial court erred when it dismissed his petition. We reverse and remand for further proceedings.

## Facts and Procedural History

Cornett and Mother were married and had two children together. They divorced in 2008. In 2010, Cornett and Mother had sexual intercourse on at least one occasion. And on March 16, 2011, Mother, who was not married at the time, gave birth to Child. Cornett was present for the delivery. But Cornett was not named as Child's father on the birth certificate, and Cornett did not register with the putative father registry.

Nonetheless, on October 22, 2014, Cornett filed a petition to establish his paternity of Child. Following a hearing, the trial court found that Cornett was not entitled to establish his paternity of Child because Cornett had "knowingly failed to provide for the care and support" of Child for at least one year.[1] Appellant's App. Vol. II at 15. Accordingly, the trial court granted Mother's motion to dismiss Cornett's paternity petition.

On March 9, 2018, Child, by Next Friend Cornett, filed a petition to establish paternity with the trial court. Mother moved to dismiss the petition "pursuant to Trial Rule[s] 8 and 12," alleging that: the petition is barred by *res judicata*;

---

[1] Specifically, the trial court found that Cornett was "not entitled to establish paternity under I.C. 31-14" because of his knowing failure to provide support for Child for at least one year. Appellant's App. Vol. II at 15.

Cornett "cannot now claim 'next friend' status" because the trial court previously concluded that establishing paternity was not in Child's best interests; and the petition should not be permitted as a substitute to a direct appeal of the trial court's dismissal of Cornett's petition.[2] Appellant's App. Vol. II at 12. Child filed a memorandum in opposition to the motion to dismiss. The trial court dismissed the petition without a hearing. This appeal ensued.

## Discussion and Decision

[5] Child contends that the trial court erred when it dismissed his paternity petition. Initially, we note that Mother has not filed an appellee's brief.

> When an appellee fails to file a brief, we apply a less stringent standard of review. We are under no obligation to undertake the burden of developing an argument for the appellee. We may, therefore, reverse the trial court if the appellant establishes *prima facie* error. "*Prima facie*" is defined as "at first sight, on first appearance, or on the face of it."

*Deckard v. Deckard*, 841 N.E.2d 194, 199 (Ind. Ct. App. 2006) (citations omitted).

[6] As Child points out, the trial court did not state a reason for dismissing his petition. And Mother's motion to dismiss states only that she moved to dismiss "pursuant to Trial Rule 8 and 12." Appellant's App. Vol. II at 11. However,

---

[2] Other than a passing reference to Trial Rules 8 and 12 in the introductory paragraph, Mother's motion to dismiss did not include any citations to authority.

because the substance of Mother's primary argument was that the petition was barred by *res judicata*, we surmise that Mother intended to move to dismiss under Trial Rule 12(B)(6). *See, e.g.*, *Freels v. Koches*, 94 N.E.3d 339, 341 (Ind. Ct. App. 2018) (addressing Trial Rule 12(B)(6) motion to dismiss based on *res judicata*). And Mother attached to her motion to dismiss a copy of the trial court's 2014 order dismissing Cornett's paternity petition.

[7] Trial Rule 12(B) provides, in pertinent part, that

> [i]f, on a motion, asserting the defense number (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, *matters outside the pleading* are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.

(Emphasis added). Because the trial court did not exclude that order from the record, and because it is a matter outside the pleadings, Mother's Trial Rule 12 motion was converted to a summary judgment motion.

[8] We review an order for summary judgment *de novo*, which is the same standard of review applied by the trial court.[3] *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). The moving party must "affirmatively negate an opponent's claim" by demonstrating that the designated evidence raises no genuine issue of

---

[3] The standard of review on appeal of a trial court's grant of a motion to dismiss for the failure to state a claim is also *de novo* and requires no deference to the trial court's decision. *Bellows v. Bd. of Comm'rs of Cty. of Elkhart*, 926 N.E.2d 96, 110 (Ind. Ct. App. 2010). Thus, our standard of review is *de novo* regardless whether the motion to dismiss was converted to a summary judgment motion.

material fact and that the moving party is entitled to judgment as a matter of law. *Id.* (internal quotation marks omitted). The burden then shifts to the nonmoving party to demonstrate a genuine issue of material fact. *Id.* The party appealing from a summary judgment decision has the burden of persuading this court that the grant or denial of summary judgment was erroneous. *Knoebel v. Clark Cty. Sup. Ct. No. 1*, 901 N.E.2d 529, 531-32 (Ind. Ct. App. 2009).

[9] Child first contends that his paternity petition is not barred under the doctrine of *res judicata*. As we have explained:

> "The principle of *res judicata* is divided into two branches: claim preclusion and issue preclusion.
>
> The first of these branches, claim preclusion, applies where a final judgment on the merits has been rendered and acts as a complete bar to a subsequent action on the same issue or claim between those parties and their privies. When claim preclusion applies, all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action. The following four requirements must be satisfied for claim preclusion to apply as a bar to a subsequent action: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) *the former judgment must have been rendered on the merits*; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) *the controversy adjudicated in the former action must have been between the parties to the present suit or their privies*.
>
> The second branch of the principle of res judicata is issue preclusion, also known as collateral estoppel. Issue preclusion bars the subsequent litigation of a fact or issue that was necessarily adjudicated in a former lawsuit if the same fact or issue is presented in the subsequent lawsuit. If issue preclusion

applies, the former adjudication is conclusive in the subsequent action, even if the actions are based on different claims. The former adjudication is conclusive only as to those issues that were actually litigated and determined therein. Thus, *issue preclusion does not extend to matters that were not expressly adjudicated* and can be inferred only by argument. In determining whether issue preclusion is applicable, a court must engage in a two-part analysis: (1) whether the party in the prior action had a full and fair opportunity to litigate the issue, and (2) whether it is otherwise unfair to apply issue preclusion given the facts of the particular case. The non-exhaustive factors to be considered by the trial court in deciding whether to apply issue preclusion include: (1) privity, (2) the defendant's incentive to litigate the prior action, and (3) the ability of the plaintiff to have joined the prior action."

*Freels*, 94 N.E.3d at 342 (quoting *Angelopoulos v. Angelopoulos*, 2 N.E.3d 688, 696 (Ind. Ct. App. 2013), *trans. denied*) (emphases added).

[10] Here, the trial court did not rule on the merits of Cornett's 2014 paternity petition. Cornett had filed the petition more than two years after Child's birth, which is beyond the two-year statute of limitations under Indiana Code Section 31-14-5-3. Had Cornett provided support for Child, his petition would have been permitted under Indiana Code Section 31-14-5-3(b)(2). However, the trial court found that Cornett had not provided support for Child, and the court dismissed the petition without reaching the question of paternity.

[11] Further, Child was neither a party in the previous paternity action nor in privity with a party. As this court has held,

> [i]n light of the interests involved and the manifest purpose of the statutory scheme to promote the welfare of the child . . . [in an action where a child may be barred from establishing its rights on *res judicata* grounds] . . . we hold [that the loss of the child's rights] can only be justified where the Child was clearly named as a party in the prior proceeding.

*J.E. v. N.W.S.*, 582 N.E.2d 829, 832 (Ind. Ct. App. 1991) (some alterations original), *trans. denied*. Accordingly, Child's paternity petition is not barred by claim preclusion. *See id*; *see also Kieler v. C.A.T.*, 616 N.E.2d 34, 39 (Ind. Ct. App. 1993) (holding minor twins' paternity petition filed by Next Friend, their mother, was not barred under claim preclusion because the twins were not parties in previous paternity petition filed by mother) *trans. denied*. Likewise, here, because the trial court did not reach the question of Cornett's alleged paternity in the 2014 petition, Child's paternity petition is not barred by issue preclusion. *See Freels*, 94 N.E.3d at 342.

[12] Trial Rule 12(B)(6) and *res judicata* aside, Mother also asserted in her motion to dismiss that Child's paternity petition is barred in light of the trial court's finding that dismissal of Cornett's 2014 paternity petition was in Child's best interests. And Mother alleged that Cornett should not be permitted to use the instant proceedings as a work-around to a direct appeal from the court's dismissal of Cornett's paternity petition. But Mother's contentions are entirely without merit. This court has held that a putative father may file a paternity petition as a child's next friend. *Mitchell v. Mitchell (In re P.L.M.)*, 661 N.E.2d 898, 900 (Ind. Ct. App. 1996), *trans. denied*. And this court has held that a

parent whose paternity petition was denied may subsequently bring a paternity petition in a child's name as the child's next friend. *See Kieler*, 616 N.E.2d at 39.

[13]     The trial court erred when it dismissed Child's paternity petition. We reverse and remand for further proceedings.

[14]     Reversed and remanded.


Crone, J., and Pyle, J., concur.