## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 20 2020, 9:51 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANTS | ATTORNEY FOR APPELLEES |
|---|---|
| Jeffrey O. Meunier | John D. Keiffner, III |
| Carmel, Indiana | Brown, DePrez & Johnson, P.A. |
| | Shelbyville, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Reeda Short and The Short Irrevocable Trust, Ronald Short, Trustee, | March 20, 2020 |
| *Appellants-Plaintiffs,* | Court of Appeals Case No. 19A-PL-1948 |
| v. | Appeal from the Shelby Circuit Court |
| Sandra K. Johnson and K. Diane Pennington, | The Honorable Terry K. Snow, Special Judge |
| *Appellees-Defendants* | Trial Court Cause No. 73C01-1812-PL-50 |

**Crone, Judge.**

## Case Summary

Reeda Short ("Reeda") and the Short Irrevocable Trust, Ronald Short, Trustee ("the Trust") (collectively "the Shorts"), appeal the trial court's dismissal of their action against Sandra K. Johnson ("Sandra") and K. Diane Pennington ("Diane") (collectively "Daughters") for specific performance of a land sale contract between the Trust and their now-deceased mother, Ruby M. Boring ("Ruby"), and for damages related to Daughters' actions as attorneys-in-fact concerning Ruby's bank accounts. We affirm.

## Facts and Procedural History

On November 9, 2017, ninety-eight-year-old Ruby executed a power of attorney ("POA-1") in favor of her friend Reeda, who assisted her with personal, financial, and healthcare matters. Around that time, Ruby designated survivorship beneficiaries on her accounts at Chase Bank ("Chase accounts") as Reeda (forty percent) and Daughters (thirty percent each). The Chase accounts had an approximate total value of $430,000. On January 23, 2018, Ruby executed a purchase agreement to sell her home to the Trust for $20,000. Reeda signed the purchase agreement on behalf of the Trust.[1] Per the contract, the Trust was required to pay $500 as earnest money. The contract called for a closing in February 2018, but the closing never occurred.

---

[1] It is unclear whether Reeda is, in fact, a co-trustee with Ronald. However, we need not resolve that issue.

[3] At some point in February 2018, Ruby was admitted to a senior living facility. On February 21, 2018, Ruby executed a power of attorney ("POA-2") in favor of Daughters. POA-2, drafted by Ruby's grandson Curtis Johnson ("Grandson"), revoked POA-1. At some point shortly thereafter, Daughters, acting as Ruby's attorneys-in-fact, removed Reeda as a beneficiary in the Chase accounts. In mid-April 2018, Sandra, acting as attorney-in-fact for Ruby, quitclaimed Ruby's home to Diane for no consideration, with Ruby retaining a life estate in the property. On April 29, 2018, Ruby died. On May 1, 2018, an affidavit of survivorship was recorded in the county recorder's office transferring to Diane fee simple title to Ruby's home.

[4] On May 5, 2018, Reeda filed an action ("Cause 20") against Daughters, Chase Bank, and Grandson, seeking an emergency temporary restraining order ("TRO") and seeking to set aside POA-2. In Cause 20, Reeda alleged that Daughters and Grandson coerced Ruby to change her beneficiary designations to exclude her or simply made the changes as attorneys-in-fact under POA-2. She also alleged that Ruby lacked capacity to make any changes to her estate plan and that Daughters violated their fiduciary duty and acted for their own benefit. Appellants' App. Vol. 2 at 45-46. Reeda asked for a TRO to prevent any loss or misuse of funds from the Chase accounts and to prevent Chase Bank from making any distributions. On June 4, 2018, the trial court conducted a hearing to resolve the issues of fact and law in Cause 20. The court issued an order denying Reeda's petition for a TRO, finding POA-2 to be valid, and dismissing Cause 20.

On December 13, 2018, the Shorts filed the current action against Daughters, seeking specific performance of the January 2018 contract between the Trust and Ruby for the purchase of Ruby's home (Count I) and seeking monetary damages based on their allegations that Daughters breached fiduciary duties to Ruby and to Reeda concerning the Chase accounts (Count II) and treble damages for conversion related to the Chase accounts (Count III). Daughters filed a motion to dismiss under Indiana Trial Rule 12(B)(6) for failure to state a claim. The trial court conducted a hearing and issued an order dismissing all of the Shorts' claims. The Shorts now appeal. Additional facts will be provided as necessary.

## Discussion and Decision

## Section 1 – The trial court properly dismissed the Shorts' specific performance claim.

The Shorts contend that the trial court erred in dismissing their specific performance claim against Daughters. We review de novo a trial court's grant or denial of a motion to dismiss for failure to state a claim. *Freels v. Koches*, 94 N.E.3d 339, 342 (Ind. Ct. App. 2018). Such a motion tests the legal sufficiency of a claim, and as such, we review the complaint in the light most favorable to the nonmovant, determining whether the complaint states any facts upon which the trial court could have granted relief. *Id*. "If a complaint states a set of facts that, even if true, would not support the relief requested, we will affirm the dismissal." *Id*. (quoting *McPeek v. McCardle*, 888 N.E.2d 171, 174 (Ind. 2008)). We may affirm the grant of dismissal if it is sustainable on any theory. *Id*.

In Count I of the complaint, the Shorts sought specific performance of Ruby's contract to sell her home to the Trust for $20,000. "Specific performance is a matter of course when it involves contracts to purchase real estate." *Stainbrook v. Low*, 842 N.E.2d 386, 394 (Ind. Ct. App. 2006), *trans. denied*. "A party seeking specific performance of a real estate contract must prove that he has substantially performed his contract obligations or offered to do so." *Id*. Ruby died without ever having closed the sale to the Trust. "[O]rdinarily the death of either of the parties to a contract does not extinguish it, if it is of such a nature that it may be performed by the *personal representative*." *Miller v. Ready*, 59 Ind. App. 195, 108 N.E. 605, 608 (1915) (emphasis added).

Daughters assert that they are not the proper defendants for this contract claim against Ruby and therefore the Shorts failed to state a claim upon which relief can be granted. "Specific performance can not be enforced against one who is neither a party nor privy to the contract and on whom it is not binding, or by whom no duty under the contract has been assumed." *Alexander v. Dowell*, 669 N.E.2d 436, 440 (Ind. Ct. App. 1996). Daughters were not parties to Ruby's land contract with the Trust. The Shorts made no claim that Daughters assumed a duty. The contract that the Shorts seek to enforce was executed by only two parties: Ruby as seller and Reeda, as trustee of the Trust, as the buyer. Thus, Ruby would have been the proper defendant in the Shorts' action for specific performance of the contract, and when she died, her estate became the proper defendant. *See* Ind. Code Ch. 29-1-14; Ind. Code § 29-1-1-3(a)(3) (defining claims against decedent's estate to include "liabilities of a decedent

which survive, whether arising in contract or tort or otherwise"). "A claim against an estate cannot be enforced except in the manner provided by statute." *Sheldmyer v. Bias*, 112 Ind. App. 522, 531, 45 N.E.2d 347, 350 (1942).

[9] To the extent that the Shorts argue that a claim against Ruby's estate would not have been appropriate because the property no longer belonged to Ruby at the time of her death, we disagree. The Shorts' claim is based on their alleged contract rights against Ruby and must be prosecuted through her estate in the manner prescribed by statute.[2] The Probate Code "grants the personal representative complete authority to maintain any suit or demand due the decedent or the estate." *Inlow v. Henderson, Daily, Withrow & DeVoe*, 787 N.E.2d 385, 391 (Ind. Ct. App. 2003), *trans. denied*. Simply put, the Shorts were limited to pursuing the contract claim through Ruby's estate, not by maintaining a separate contract action against Daughters individually. Based on the foregoing, we conclude that the trial court properly dismissed the Shorts' specific performance claim against Daughters.

### Section 2 – The Shorts' claims against Daughters for damages related to Ruby's Chase accounts are barred by res judicata.

[10] The Shorts also challenge the trial court's dismissal of their claims for damages based on Daughters' alleged self-dealing and breach of fiduciary duty to Reeda,

---

[2] *See, e.g.*, Ind. Code § 29-1-14-1(a), -1(d) (contract claims against decedent's estate barred if not filed within three months of published notice to creditors or will revocation or within nine months after decedent's death).

as well as conversion related to Ruby's Chase accounts.[3]  In their motion to dismiss, Daughters asserted that these claims were litigated in Cause 20 and are now barred by res judicata.  They attached as exhibits two documents:  Reeda's petition in Cause 20 and the trial court's order denying that petition. Appellants' App. Vol. 2 at 44-49.  When a Trial Rule 12(B)(6) motion is supplemented with affidavits or other materials outside the record, it is treated as a motion for summary judgment.  *Thomas v. Blackford Cty. Area Bd. of Zoning App.*, 907 N.E.2d 988, 990 (Ind. 2009).

[11]  We review de novo a trial court's ruling on a summary judgment motion, applying the same standard as the trial court.  *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014).  Summary judgment is appropriate if the designated evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *Id.*; Ind. Trial Rule 56(C).  The moving party bears the onerous burden of affirmatively negating an opponent's claim.  *Hughley*, 15 N.E.3d at 1003.  "Any doubt as to any facts or inferences to be drawn therefrom must be resolved in favor of the non-moving party." *Buddy & Pals III, Inc. v. Falaschetti*, 118 N.E.3d 38, 41 (Ind. Ct. App. 2019) (citation

---

[3]  Because these claims are precluded by res judicata, we need not discuss them in great detail.  Nevertheless, we note that Daughters' fiduciary duty and duty to refrain from self-dealing as attorneys-in-fact under POA-2 extended only to Ruby, not to Reeda or the Trust.  *See In re Estate of Rickert*, 934 N.E.2d 726, 730 (Ind. 2010) ("A person holding a power of attorney is in a fiduciary relationship to the person granting the power."). Moreover, conversion applies only to the knowing or intentional exertion of unauthorized control over *property owned by another* and cannot be enforced by a person holding an expectancy interest stemming from a revocable beneficiary designation on a survivorship account.  *See Steiner v. Bank One Indiana, N.A.*, 805 N.E.2d 421, 425 (Ind. Ct. App. 2004) (designated beneficiary of IRA account had mere expectancy interest, not a present property interest, in that account).

omitted), *trans. denied*. The party that lost in the trial court bears the burden of persuading us that the trial court erred. *Biedron v. Anonymous Physician 1*, 106 N.E.3d 1079, 1089 (Ind. Ct. App. 2018), *trans. denied* (2019).

[12] Daughters maintain that the doctrine of res judicata bars the Shorts' claims against them concerning the Chase accounts. Res judicata prevents repetitious litigation of disputes that are essentially the same. *Hilliard v. Jacobs*, 957 N.E.2d 1043, 1046 (Ind. Ct. App. 2011), *trans. denied* (2012), *cert. denied*. The doctrine consists of two distinct components: claim preclusion and issue preclusion. *Id*. "Claim preclusion applies when a final judgment on the merits has been rendered in a prior action, and it acts to bar a subsequent action on the same claim between the same parties." *Id*. For claim preclusion to apply,

> 1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the former judgment must have been rendered on the merits; 3) the matter now in issue was, or could have been, determined in the prior action; and 4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies.

*Id*.

[13] The Shorts do not challenge requirements 1, 2, or 4 of claim preclusion but instead focus their argument on requirement 3. They assert that the issue raised in Cause 20 concerned Ruby's capacity to execute POA-2, which is distinct from the issues raised in the current cause concerning the Chase accounts, that is, Daughters' alleged breach of fiduciary duty/self-dealing and conversion. They rely on *Biggs v. Marsh*, in which another panel of this Court articulated an

identical evidence test for determining claim preclusion: "whether identical evidence will support the issues involved in both actions." 446 N.E.2d 977, 982 (Ind. Ct. App. 1983). In more recent cases, the following observation has been made concerning the application of *Biggs's* identical evidence test:

> [A] literal interpretation of the identical evidence test … has since been called into question by the Seventh Circuit. In *Atkins v. Hancock County Sheriff's Merit Board*, the Seventh Circuit noted that Indiana follows the identical evidence test, as is outlined in *Biggs*. 910 F.2d 403, 405 (7th Cir. 1990). The court went on to say "[u]nderstood literally, that approach would confine a plea of res judicata to cases in which the claim in plaintiff's second suit was identical to the claim in his first, and would invite piecemeal litigation with a vengeance. We have not thought that Indiana intended to confine res judicata so narrowly...." *Id.*

*Hilliard*, 957 N.E.2d at 1047. We find this observation persuasive.

[14] In paragraph 7 of the Cause 20 complaint/petition, Reeda alleged that Ruby "lacked capacity to sign [POA-2]" and/or "was unduly influenced to sign it." Appellants' App. Vol. 2 at 45 (Respondents' Ex. A). The petition also alleged the following with respect to the Chase accounts:[4]

> 10. …. To Reeda's knowledge, she was a named beneficiary on some or all of Ruby's assets with Chase bank.
>
> 11. Reeda believes Daughters or Grandson may have either coerced Ruby to change her beneficiary designations on the

---

[4] Reeda's Cause 20 complaint/petition uses proper names and/or different designations for the parties. For clarity's and consistency's sake, we identify the parties as designated throughout this decision.

Chase bank accounts after she lacked capacity or, used their power of attorney to change the beneficiary designations either reducing Reeda's share or removing her entirely as a beneficiary.

12. Reeda alleges and asserts that any change to Ruby's estate plan after her January stay in Major Hospital was either made by Ruby while she lacked capacity, or made by her attorney's[sic]-in-fact *for their own benefit*, which is a *violation of their fiduciary duty* to act on behalf of Ruby.

13. As a result, Reeda requests a hearing for the court to resolve the issues of fact and law.

*Id*. at 45-46 (emphases added).

[15] Reeda sought a TRO to prevent Daughters, Grandson, or Chase (as holder of the accounts) from spending, transferring, or making disbursements from the Chase accounts "until the issues asserted in the petition are resolved, …. [s]ince serious questions of fact, including fraud, coercion and elder abuse remain in this this case[.]" *Id*. at 46. The trial court apparently froze the accounts pending a hearing, afforded her a hearing and considered her issues, found POA-2 to be valid, dissolved the TRO, denied her petition for the continuation of the TRO, and dismissed her action. *See Id*. at 49 (Respondents' Ex. B). Reeda did not appeal that order.

[16] As noted in the italicized portions above, Reeda's Cause 20 complaint/petition alleged that Daughters violated their fiduciary duty and acted for their own benefit, which we find to be tantamount to claims of self-dealing and conversion of assets rightfully belonging to another. Because these claims were

presented and litigated in Cause 20, we conclude that the Shorts were precluded from relitigating them in this action. Simply put, these claims were barred by res judicata, and therefore Daughters are entitled to judgment as a matter of law. Accordingly, we affirm the trial court in all respects.

Affirmed.

May, J., and Pyle, J., concur.